**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
DAVID A. DUGAN,              )
                             )
     Plaintiff,              )
                             )    No. CIV 04-1380 PHX RCB
          vs.                )
                             )
INTEL CORPORATION, a Delaware)    O R D E R
corporation, authorized to do)
business in the state of     )
Arizona,                     )
                             )
     Defendant.              )
_____)
```

In this employment discrimination action, originally filed in the Superior Court of Arizona for Maricopa County, Plaintiff complains that Defendant improperly discriminated against him on the basis of disability. Notice of Removal (doc. # 1). Defendant removed the case to this Court on July 7, 2004. Id. Currently pending before the Court are Defendant's Motion for Summary Judgment filed on September 13, 2005 (doc. # 36), Plaintiff's Motion for Stay of Case Pending Resolution of Criminal Case and Continuance Pursuant to Rule 56(f) filed on October 20, 2005 (doc. # 40), and Defendant's Motion for Leave to Supplement Response to

Plaintiff's Motion for Stay of Case (doc. # 42).  Having carefully considered the arguments raised, the Court now rules on Plaintiff's motion (doc. # 40) and Defendant's Motion for Leave to Supplement Response (doc. # 42).

**I.   BACKGROUND**

Shortly after this action was brought, the United States Attorney for the District of Arizona filed a criminal complaint against Plaintiff in connection with threats he assertedly made against Defendant, charging a violation of 18 U.S.C. § 875(c), Transmitting Threats Using Interstate Commerce.[1]  <u>United States v. Dugan</u>, No. CR 04-1194-PHX-RGS (D. Ariz. 2004) (doc. # 1).  The parties subsequently executed a stipulation regarding Plaintiff's deposition, approved by the Court on August 10, 2005, expressing Plaintiff's intention to invoke blanket assertions of Fifth Amendment privilege as to any questions posed to him by counsel. Stipulation (doc. # 32); Order (doc. # 34).

Defendants moved for summary judgment on September 13, 2005. Mot. (doc. # 36).  Plaintiff then filed a stipulation (doc. # 38) on October 12, 2005, requesting until October 20, 2005 within which to serve and file his response.  The extension was granted on November 8, 2005.  Order (doc. # 43).  Instead of a response, however, on October 20, 2005, Plaintiff filed a Motion for Stay of Case Pending Resolution of Criminal Case and Continuance Pursuant

---

[1] Under Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the proceedings in <u>United States v. Dugan</u> as a matter of public record having a direct relation to the matters at issue in this case.  Fed. R. Evid. 201; <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992).

1 to Rule 56(f) (doc. # 40).

2 On November 2, 2005, Defendant responded to Plaintiff's Motion for Stay of Case. Resp. (doc. # 41). Defendant has since sought to supplement its response with a copy of a Motion to Continue Trial filed by Plaintiff's criminal defense counsel in <u>United States v. Dugan</u>. Mot. (doc. # 42); <u>United States v. Dugan</u>, No. CR 04-1194-PHX-RGS (D. Ariz. 2004) (doc. # 42) (Defendant's Seventh Motion to Continue Trial).

9 On March 6, 2006, based upon on its review of stipulated facts, the court in <u>United States v. Dugan</u> found Plaintiff guilty of violating 18 U.S.C. § 875(c) as charged in the indictment and set the matter for sentencing on June 5, 2006. <u>United States v. Dugan</u>, No. CR-04-1194-PHX-RGS (D. Ariz. 2004) (doc. ## 1, 65-66).

14 Plaintiff has neither filed a reply in support of his Motion for Stay of Case (doc. # 40), nor filed a response in opposition to Defendant's Motion for Leave to Supplement Response (doc. # 42), and the time within which to serve and file these responsive memoranda has now passed. <u>See</u> LRCiv 7.2(c) and App. A ("Time Chart"). Under Local Rule of Civil Procedure 7.2(i), the Court may deem a party's lack of opposition-- or untimely opposition-- as consent to the granting of a motion, and may grant the motion summarily if it is facially meritorious. LRCiv 7.2(i); <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 950 (9th Cir. 1993).

24 **II. STANDARD OF REVIEW**

25 The decision to stay an action is reserved to the inherent discretion of the district court. <u>See</u> <u>Mediterranean Enters. v. Ssangyong Corp.</u>, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and

calendar."). Although there is no Constitutional requirement to stay civil proceedings in the face of pending criminal proceedings, in deciding whether to grant such a stay the district court should consider the extent to which the defendant's Fifth Amendment rights are implicated as well as the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995).

**III. DISCUSSION**

Plaintiff has asked that this case be stayed pending the resolution of the criminal charges against him in United States v. Dugan, arguing that he is unable to respond to Defendant's Motion for Summary Judgment (doc. # 36) without waiving his Fifth Amendment privilege against self-incrimination. Mot. (doc. # 40) at 3-5. On the same basis, Plaintiff has requested a continuance pursuant to Fed. R. Civ. Proc. 56(f) so that he may, upon the determination of the criminal case, provide an affidavit supporting his opposition without jeopardizing his Fifth Amendment rights. See id. at 6-7.

In view of the court's resolution of the charges against Plaintiff in United States v. Dugan, and specifically the stipulated facts upon which that finding was based, this Court perceives no significant implication of Plaintiff's Fifth Amendment

rights in proceeding with his civil case.  In addition, the Court finds that Defendant's interest in proceeding with the civil case and the potential prejudice to Defendant from further delay far outweighs any burden contemplated by Plaintiff's upcoming sentencing.  Moreover, there is nothing to suggest that a stay in this case would result in a tremendous saving of the litigants' and counsels' resources, or would otherwise benefit the litigation process.

For the same reasons, the Court sees no reason to allow a Rule 56(f) continuance at this time.  Therefore, Plaintiff's Motion for Stay of Case Pending Resolution of Criminal Case and Continuance Pursuant to Rule 56(f) is denied.  Defendant's Motion for Leave to Supplement Response (doc. # 42) is denied and dismissed as moot.

Finally, the Court notes that although Plaintiff was allowed an extension of time until October 20, 2005 to file a response to Defendant's Motion for Summary Judgment (doc. # 36), he opted instead to file a motion (doc. # 40) instead of a responsive memorandum.  The Court grants Plaintiff until May 8, 2006 to respond to Defendant's Motion for Summary Judgment (doc. # 36).

**IV.  CONCLUSION**

In light of the foregoing analysis,

IT IS ORDERED that Plaintiff's Motion for Stay of Case Pending Resolution of Criminal Case and Continuance Pursuant to Rule 56(f) (doc. # 40) is DENIED.  Plaintiff shall have until May 8, 2006 to respond to Defendant's Motion for Summary Judgment (doc. # 36).

IT IS FURTHER ORDERED that Defendant's Motion for Leave to . . .

1  Supplement its Response to Plaintiff's motion (doc. # 42) is DENIED
2  and dismissed as moot.
3      DATED this 25th day of April, 2006.

                    _____
                    Robert C. Broomfield
                    Senior United States District Judge

9  Copies to counsel of record