**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| DAVID A. DUGAN,           )<br>                           )<br>     Plaintiff,         )<br>                           )  No. CIV 04-1380 PHX RCB<br>          vs.              )<br>                           )<br>INTEL CORPORATION, a Delaware )     O R D E R<br>corporation, authorized to do )<br>business in the state of   )<br>Arizona,                   )<br>                           )<br>     Defendant.            )<br>_____) | |

In this employment discrimination action, originally filed in the Superior Court of Arizona in Maricopa County, Plaintiff complains that Defendant Intel Corporation ("Intel") improperly discriminated against him in violation of the Americans with Disabilities Act ("ADA") by failing and refusing to provide him a reasonable accommodation for his disability. Notice (doc. # 1). Defendant removed the case to this Court on July 7, 2004. Id.  On September 13, 2005, Defendant filed a Motion for Summary Judgment. Mot. (doc. # 36).  On May 8, 2006, Plaintiff filed a response conceding that his voluntary resignation would preclude him from

recovering back pay, front pay, or injunctive relief and also that the doctrine of after-acquired evidence would preclude him from recovering damages. Resp. (doc. # 45) at 1. Although Plaintiff admits that his remedies would be seriously limited, he neither concedes nor opposes any of Defendant's arguments as to liability. Id. at 2. Under Local Rule of Civil Procedure 7.2(i), the Court may deem a party's lack of opposition as consent to the granting of a motion, and may grant the motion summarily if it is facially meritorious. LRCiv 7.2(i); Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993). Having carefully considered the arguments raised, the Court now rules.

**I.   BACKGROUND**

Plaintiff began his employment with Defendant as a Manufacturing Technician in August of 1997. On or about November 28, 1997, Plaintiff complained to Intel's Occupational Health Department regarding knee pain, which prevented him from standing for extended periods of time. Def.'s Statement of Facts (doc. # 37) ("DSOF") ¶¶ 1-2. On December 17, 2002, Plaintiff began an approved medical leave of absence. Id. ¶ 3.

On February 6, 2003, a Medical Care Manager in Intel's Occupational Health Department informed Plaintiff that he would be provided additional job-protected ADA leave as an accommodation. Id. ¶ 4.

From May 7, 2003 until September 29, 2003, Plaintiff was permitted to perform desk work as an accommodation. Id. ¶ 8. During that time he inquired about the possibility of transfer to a position that would better accommodate his disability, and was offered an opportunity in the "sort" area. Plaintiff declined that

-2-

1  opportunity on the basis that it would not allow him to work on
2  equipment.  Id. ¶ 9.
3      From September 29, 2003 to September 28, 2004, Plaintiff took
4  another approved medical leave of absence following knee surgery.
5  Id. ¶ 10.  Much happened during this medical leave.
6      On February 19, 2004, Plaintiff filed an action in the
7  Superior Court of Arizona in Maricopa County alleging
8  discrimination on the basis of disability.  Notice (doc. # 1).
9  Defendants later removed the action to this Court.  Id.
10     On March 2, 2004, Plaintiff submitted a doctor's note
11 indicating that he could return to work as a Manufacturing
12 Technician subject to the limitation that he could stand for only
13 10 minutes per hour.  The position ordinarily requires standing for
14 at least 7 hours in an 11.5 hour shift.  DSOF ¶ 12.  As a result,
15 on April 22, 2004, Intel offered Plaintiff a position in the
16 Assembly Technology and Development organization to accommodate his
17 inability to stand for extended periods of time.  Plaintiff
18 declined this opportunity, also on the basis that it would not
19 allow him to repair equipment.  Id. ¶ 13.
20     In May of 2004, Intel advised Plaintiff of a different
21 opportunity in the Assembly Technology and Development
22 organization.  Plaintiff did not respond to this offer, and instead
23 took an extended summer vacation to visit family.  Id. ¶ 14.
24     Intel's Medical Leave Guidelines provide that employees taking
25 medical leave longer than 365 days will generally be terminated.
26 Instead of termination, Plaintiff was given the option to either
27 enter Intel's Reassignment Program or voluntarily separate with
28 long term disability benefits.  On October 15, 2004, Plaintiff

-3-

1  elected to separate and receive long term disability benefits.  Id.
2  ¶ 15.
3      Six days later, Plaintiff was arrested and charged with a
4  violation of 18 U.S.C. § 875(c), Transmitting Threats Using
5  Interstate Commerce, in connection with threats he had made against
6  Intel.[1]  United States v. Dugan, No. CR 04-1194-PHX-RGS (D. Ariz.
7  2004) (doc. # 1).  Plaintiff and Intel subsequently executed a
8  stipulation regarding Plaintiff's deposition in this case, which
9  the Court approved on August 10, 2005, expressing Plaintiff's
10 intention to invoke blanket assertions of Fifth Amendment privilege
11 as to any question posed to him by counsel for either party.
12 Stipulation (doc. # 32); Order (doc. # 34).
13     On March 6, 2006, based upon its review of stipulated facts,
14 the court in United States v. Dugan found Plaintiff guilty of
15 violating 18 U.S.C. § 875(c), and set the matter for sentencing on
16 June 5, 2006.  United States v. Dugan, No. CR-04-1194-PHX-RGS (D.
17 Ariz. 2004) (doc. ## 1, 65-66).

**II.   STANDARD OF REVIEW**

19     Summary judgment is appropriate "when there is no genuine
20 issue of material fact" such that "the moving party is entitled to
21 judgment as a matter of law."  Fed. R. Civ. P. 56.  In determining
22 whether to grant summary judgment, a district court must view the
23 underlying facts and the inferences to be drawn from those facts in

---

[1] Under Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the proceedings in United States v. Dugan as a matter of public record having a direct relation to the matters at issue in this case.  Fed. R. Evid. 201; United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

-4-

1 the light most favorable to the nonmoving party.  See Matsushita
2 Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
3   If a party will bear the burden of proof at trial as to an
4 element essential to its claim, and fails to adduce evidence
5 establishing a genuine issue of material fact with respect to the
6 existence of that element, then summary judgment is appropriate.
7 See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Not
8 every factual dispute is capable of defeating a properly supported
9 motion for summary judgment.  Rather, the party opposing the motion
10 must show that there is a genuine issue of material fact.  See
11 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  A
12 factual dispute is genuine if the evidence is such that a rational
13 trier of fact could resolve the dispute in favor of the nonmoving
14 party.  Id. at 248.  A fact is material if determination of the
15 issue might affect the outcome of the case under the governing
16 substantive law.  Id.  Thus, a party opposing a motion for summary
17 judgment cannot rest upon bare allegations or denials in the
18 pleadings, but must set forth specific facts demonstrating a
19 genuine issue for trial.  See id. at 250.  If the nonmoving party's
20 evidence is merely colorable or not significantly probative, a
21 court may grant summary judgment.  See id. at 249; see also Cal.
22 Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, 818 F.2d
23 1466, 1468 (9th Cir. 1987).

24 **III. DISCUSSION**

25   The ADA makes it unlawful for an employer to discriminate
26 against a "qualified individual with a disability because of the
27 disability . . . ."  42 U.S.C. § 12112(a).  "'Qualified individual
28 with a disability' means an individual with a disability who, with

1  or without reasonable accommodation, can perform the essential
2  functions of the employment position that such individual holds or
3  desires." 42 U.S.C. § 12111(8).  An employer discriminates against
4  a qualified individual with a disability by "not making reasonable
5  accommodations to the [individual's] known physical or mental
6  limitations . . . , unless [the employer] can demonstrate that the
7  accommodation would impose an undue hardship on the operation of
8  the business of [the employer]."  42 U.S.C. § 12112(b)(5)(A);
9  accord 20 C.F.R. § 1630.9(a).

    Reasonable accommodations may include "reassignment to a
vacant position."  42 U.S.C. § 12111(9)(B); see also US Airways,
Inc. v. Barnett, 535 U.S. 391, 396 (2002).  An employer is not
required to create a new position to accommodate a disabled
employee, see Wellington v. Lyon County Sch. Dist., 187 F.3d 1150,
1155 (9th Cir. 1999), or "to provide an employee the accommodation
he requests or prefers. . . ."  Zivkovic v. S. Cal. Edison Co., 302
F.3d 1080, 1089 (9th Cir. 2002).  By the same token, an employee is
not compelled to accept every reasonable accommodation offered.
See 20 C.F.R. § 1630.9(d).  However, an employee's refusal of a
reasonable accommodation may result in the loss of standing under
the ADA as a "qualified individual with a disability."

> [I]f such individual rejects a reasonable accommodation, aid, service, opportunity or benefit that is necessary to enable the individual to perform the essential functions of the position held or desired, and cannot, as a result of that rejection, perform the essential functions of the position, the individual will not be considered a qualified individual with a disability.

Id.

    In this case, Intel provided Plaintiff with reasonable

- 6 -

accommodations including extended medical leaves of absence, job-protected ADA leave, the opportunity to perform desk work, and offers of reassignment to vacant positions.  Mot. (doc. # 36) at 11; DSOF ¶¶ 3-4, 8-10, 13-14.  Intel contends that Plaintiff's refusal of these reasonable accommodations, coupled with his inability to perform the essential functions of the Manufacturing Technician position, renders him ineligible to recover under the ADA.  See Mot. (doc. # 36) at 11; DSOF ¶ 12.  The Court agrees.

   For all that appears, Intel engaged an interactive process to find suitable accommodations for Plaintiff's disability.  The ultimate breakdown of that process can be traced to Plaintiff's failure to respond to Intel's third offer of reassignment in May of 2004.  See DSOF ¶ 14.  The fact that the accommodations offered did not provide Plaintiff with as much opportunity to work with equipment as he apparently would have liked did not render them unreasonable, or obligate Intel to create a new position dictated by Plaintiff's preferences.  See Wellington, 187 F.3d at 1155; Zivkovic, 302 F.3d at 1089.  More importantly, without these accommodations, Plaintiff could not perform the essential functions of a Manufacturing Technician by standing only 10 minutes per hour when that position demanded the ability to stand for most of an 11.5 hour shift.  See DSOF ¶ 12.  Therefore, as a result of rejecting those reasonable accommodations, Plaintiff cannot be considered a qualified individual with a disability, and cannot maintain suit under the ADA.  See 20 C.F.R. § 1630.9(d).  Because Plaintiff has not adduced any evidence presenting a genuine issue of material fact for trial, the Court finds that Defendant's unopposed motion (doc. # 36) is facially meritorious and that

summary judgment is appropriate.  See Anderson, 477 U.S. at 247-48; Henry, 983 F.2d at 950.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (doc. # 36) is GRANTED.

IT IS FURTHER ORDERED directing the Clerk of the Court to enter judgment in favor of Defendant and terminate this case.

DATED this 1st day of June, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record